# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JEAN OLDS and CHARLES OLDS, <br><br> Plaintiffs, <br><br> v. <br><br> WYNN LAS VEGAS, LLC, a limited liability company d/b/a ENCORE AT WYNN LAS VEGAS, <br><br> Defendant. | 2:12-cv-357-RCJ-RJJ <br><br> **ORDER** |

Currently before the Court is Plaintiffs' Motion to Remand to the Eighth Judicial Court of the State of Nevada (#10). The Court heard oral argument on the Motion on July 23, 2012. For the reasons discussed herein, the Motion to Remand (#10) is granted.

## BACKGROUND

On June 1, 2010, Plaintiffs Charles and Jean Olds, residents of Arizona, were guests of the Encore at Wynn Las Vegas Hotel and Casino (the "Encore"), a limited liability company organized and existing under the laws of the State of Nevada. (Compl. (#1, Ex. A) at 1). Plaintiffs were swimming and relaxing at the Encore's European pool, approximately twenty to thirty yards from the seating/lounge area. (*Id.* at 2). As Plaintiffs were moving from the pool to the seating area, they noticed that the ground was "unexpectedly slipperier than the decking area around a pool normally is." (*Id.*). As a result, Plaintiffs used extreme caution walking to the seating area. (*Id.*) Nevertheless, Plaintiff Charles Olds slipped and fell, breaking his right hip. (*Id.*).

Plaintiffs filed a complaint in Nevada state court on January 30, 2012, against Encore, alleging negligence and negligence per se. (*Id.* at 3-4). Plaintiffs ask for general and special

damages, each in excess of $10,000, pre-judgment interest, loss of consortium, and attorney's fees. (*Id.* at 6).

Defendant Encore removed the dispute to this Court on March 5, 2012, asserting that it has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332. (Pet. for Removal (#1) at 1-2). Plaintiffs filed a Demand for Trial by Jury and a Certificate of Interested Parties on March 7, 2012. (Demand for Trial by Jury (#9); Certificate of Interested Parties (#8)). Plaintiffs then filed a Motion to Remand on March 12, 2012. (Mot. to Remand (#10)).

## LEGAL STANDARD

A defendant may remove an action to federal court if the plaintiff could have initially filed the complaint in federal court, 28 U.S.C. § 1441(a), i.e., if the federal court has original jurisdiction. Original jurisdiction lies with a federal court when the amount in controversy in the action exceeds the sum of $75,000 and the citizenship of each plaintiff is different from that of each defendant (known as diversity jurisdiction). 28 U.S.C. § 1332(a). Yet even when the requirements for diversity jurisdiction are satisfied, the action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought," which is known as the forum defendant rule. 28 U.S.C. § 1441(b).

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447(c) (2006). A party waives its ability to raise a motion to remand by taking affirmative action in federal court only if its "affirmative conduct or unequivocal assent . . . would render it offensive to fundamental principles of fairness to remand." *Barahona v. Orkin*, No. CV 08-04634-RGK (SHx), 2008 WL 4724054, at *3 (C.D. Cal. Oct. 21, 2008) (quoting *Owens v. Gen. Dynamic Corp.*, 686 F. Supp. 827, 830 (S.D. Cal. 1988)); *see also Alarcon v. Shim, Inc.*, No. C 07-02894SI, 2007 WL 4287336, at *4 (N.D. Cal. Dec. 5, 2007) (quoting *Owens*, 686 F. Supp. at 830). The party seeking removal bears the burden of establishing jurisdiction by a preponderance of the evidence. *Geographic Expeditions, Inc. v. Estate of*

*Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992)).

**DISCUSSION**

**I.  Waiver**

This Court would have diversity jurisdiction over this case had it been originally filed here.  (Pet. for Removal (#1) at 2).  Plaintiffs argue that the action should be remanded to state court because removal was improper under the forum defendant rule, as it is uncontested that Defendant Encore is a resident of Nevada.  (Mot. to Remand (#10) at 2). Defendant, however, claims that Plaintiffs waived their right to remand by filing a Demand for Trial by Jury and a Certificate of Interested Parties with this Court prior to filing their Motion to Remand.  (Resp. to Mot. to Remand (#12), at 2-3).

Defendant Encore first contends that Plaintiffs waived their right to remand by filing a Demand for Trial by Jury (Doc. (#9)) with this Court.  (Resp. to Mot. to Remand (#12) at 3). Defendant is correct that the forum defendant rule is procedural, and can be waived by the plaintiff taking affirmative action in the district court.  *See, e.g.*, *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 936 (9th Cir. 2006) (holding that the forum defendant rule is procedural and can be waived by failing to file a motion to remand within thirty days of removal).  District courts within the Ninth Circuit have held that for affirmative conduct to constitute a waiver, it must be "unequivocal assent of a sort which would render it offensive to fundamental principles of fairness to remand."  *Barahona*, 2008 WL 4724054, at *3 (quoting *Owens*, 686 F. Supp. at 830); *see also Alarcon*, 2007 WL 4287336, at *4 (quoting *Owens*, 686 F. Supp. at 830). Generally, this standard is met only if the plaintiff files multiple motions in the district court or loses a dispositive one.  *See Bearden v. PNS Stores, Inc.*, 894 F. Supp. 1418, 1424 (D. Nev. 1995) (citing *Meadows v. Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir. 1986) (finding the plaintiffs waived their right to remand "by filing numerous pleadings and discovery requests after the case was removed to this federal court"); *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996) (holding that since the plaintiff filed and "vigorously briefed and argued" a motion to file an amended complaint, he waived his right to remand).

1       Several district courts within the Ninth Circuit have held that filing a Demand for Trial by Jury is not enough affirmative action to constitute a waiver of the forum defendant rule. *See Student A. v. Metcho*, 710 F. Supp. 267, 269 (N.D. Cal. 1989); *Valley Research, Inc. v. Verenium Corp.*, No. 07cv1317 BTM(RBB), 2007 WL 4468671, at *2 (S.D. Cal. Dec. 17, 2007); *Innovacom, Inc. v. Haynes*, No. C 98-0068 SI., 1998 WL 164933, at *2 (N.D. Cal. Mar. 17, 1998). Federal Rule of Civil Procedure 81(c) requires a Demand for Trial by Jury to be filed with the federal court within fourteen days of removal. Fed. R. Civ. P. 81(c). Because it would be rare for a remand motion to be filed and decided within this fourteen-day period, "there is no sense in treating the filing of a [Demand for Trial by Jury] as a waiver of the right to remand." *Student A.*, 710 F. Supp. at 268.

      Defendant next contends that Plaintiffs waived their right to remand by filing a Certificate of Interested Parties. (Resp. to Mot. to Remand (#12), at 3). The Federal Rules of Civil Procedure require the Certificate to be filed with a party's "first pleading, petition, motion, response, or other request addressed to the court." Fed. R. Civ. P. 7.1(b). Like the Demand for Trial by Jury, this document is time-sensitive because the court uses it to "evaluate possible recusal." *In re Quiroga*, No. 2:08-cv-148-BES-PAL, 2008 WL 3200805, at *2 (D. Nev. Aug. 7, 2008).

      Here, the Plaintiffs did not waive their right to remand by filing their Motion to Remand five days after filing a Demand for Trial by Jury and Certificate of Interested Parties. Although Defendant cites many cases where the plaintiffs waived their right to remand, they waived it either by filing the motion to remand after the statutory thirty-day period or after judgment was already rendered on the merits of the case. *See, e.g.*, *Hurley v. Motor Coach Indus.*, 222 F.3d 377, 380 (7th Cir. 2000) (denying motion to remand filed after 30 days of removal); *Blackburn v. UPS*, 179 F.3d 81, 90 n.3 (3d Cir. 1999) (noting the plaintiffs waived their right to remand because 30 days have passed since removal); *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991) (denying motion to remand filed after 30 days of removal); *Farm Constr. Servs. v. Fudge*, 831 F.2d 18, 22 (1st Cir. 1987) (denying motion to remand filed after 30 days of removal and after judgment was already rendered). None of these cases are relevant here

because Plaintiffs filed their Motion to Remand only seven days after the case was removed, well before the thirty-day statutory period expired. Filing a Demand for Trial by Jury does not prejudice the Defendant in any way and was necessary to ensure that Plaintiffs did not lose their right to a jury trial while the Motion to Remand was pending. Therefore, the Plaintiffs did not assent to try the case in federal court by filing a Demand for Trial by Jury.

Filing the Certificate of Interested Parties also does not prejudice Defendant Encore to an extent that it is "offensive to fundamental principles of fairness to remand." Instead, Plaintiffs followed the Federal Rules of Civil Procedure by submitting a required, time-sensitive document so that this Court could decide whether recusal was necessary in this case. Therefore, Plaintiffs' Motion to Remand is granted.

**II.   Attorney's Fees**

Plaintiffs have also requested that they be awarded costs and attorney's fees incurred as a result of the removal. (Mot. to Remand (#10) at 2). When a court remands a case for a defect other than subject matter jurisdiction, the order remanding the case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (2006). These costs should be awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, Defendant's removal violated the forum defendant rule, which is a defect "other than subject matter jurisdiction." Defendant claims costs should not be awarded because Plaintiffs did not make a reasonable effort to avoid them, such as discussing the Motion to Remand with Defendant before filing it. (Resp. to Mot. to Remand (#12) at 3-4). However, the standard for awarding costs under § 1447 is not whether the plaintiff made a reasonable effort to avoid the costs. Rather, it is whether the defendant's removal of the case was objectively reasonable. The removal in this case was not objectively reasonable as 28 U.S.C. § 1441(b) clearly states that defendants who are citizens of the state in which the action is brought may not remove the action to federal court. Because the removal directly contradicted

clearly-established statutory law, the Plaintiffs are entitled to just costs and actual expenses, including attorney's fees, associated with the removal of this case, amounting to $500.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Plaintiffs' Motion to Remand (#10) is GRANTED.

IT IS FURTHER ORDERED that the case is remanded to the Eighth Judicial District Court of the State of Nevada for all further proceedings.

IT IS FURTHER ORDERED that Plaintiffs are awarded $500 from Defendant Encore in attorney's fees and costs associated with the removal of the case.

DATED: This 9th day of October, 2012.

_____
United States District Judge